FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 18 2005 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
CSC HOLDINGS, INC.,

                     Plaintiff,          04 Civ. 5608 (ADS)(JO)

    -against-                          **DEFAULT JUDGMENT**

WILLIAM GORMAN,

                     Defendant.
-------------------------------------------------X

This action having been commenced on December 22, 2004 by the filing of the Summons and Complaint, and copies of the Summons and Complaint having been served on defendant William Gorman ("Gorman" or "defendant") on February 1, 2005 pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure, and it further appearing that defendant has not filed an Answer with the Court or otherwise moved with respect to the Complaint and the time for answering the Complaint having expired,

**NOW**, on motion of plaintiff, CSC Holdings, Inc. ("Cablevision" or "plaintiff"), by its attorneys, Lefkowitz, Louis, Sullivan & Hogan, L.L.P., it is hereby:

**ORDERED, ADJUDGED and DECREED** that pursuant to Fed.R.Civ.P. 55(a) plaintiff, Cablevision, shall recover from defendant Gorman the damages sustained by it on account of the claims for relief demanded in the Complaint, together with interests and costs of this action, and with reasonable attorneys' fees; and it is further,

**ORDERED, ADJUDGED and DECREED** that plaintiff is entitled to a permanent injunction against defendant Gorman's unauthorized interception of plaintiff's telecommunication signals and Gorman's by the use or assistance in the use of compatible bootleg "pirate" cable television decoding equipment under 47 U.S.C. §§ 605 and 553, which

injunction is authorized under 47 U.S.C. §§ 605(e)(3)(B)(i) and 553(c)(2)(A) and demanded in plaintiff's Complaint; and it is further,

**ORDERED, ADJUDGED and DECREED** that defendant Gorman, any of his servants, employees, agents, assigns, and any person(s) or entity(ies) in active concert and participation with any of them are hereby enjoined and restrained from aiding and abetting or engaging in the interception, divulgence, reception or display of the cable television programming, service or signal of plaintiff, whether transmitted by air or by wire, without the express authorization of plaintiff, and are hereby further enjoined and restrained from connecting, attaching, splicing into, tampering with or in any way using the cable wiring of plaintiff for the purpose of obtaining any of the programming services of plaintiff without plaintiff's express authorization, and are hereby permanently enjoined and restrained from the manufacture, sale and/or distribution of any "pirate" device or equipment capable of descrambling, intercepting, receiving, or decoding intended to permit the unauthorized reception, theft and interception of plaintiff's private scrambled cable television programming services or in any way making available the programming services of plaintiff without plaintiff's authorization; and it is further,

**ORDERED**, that this matter be referred to the Honorable James Orenstein, U.S.M.J. for an Inquest to determine the amount of damages to be awarded to plaintiff plus reasonable attorneys' fees, if any, pursuant to 47 U.S.C. §§ 605(e)(3)(B) and 553(c)(2), as demanded in plaintiff's Complaint.

Dated: Central Islip, New York
 4/19, 2005

/s/
The Honorable Arthur D. Spatt
United States District Judge

Ms. Dus
~~MOVANT'S COUNSEL~~ IS DIRECTED TO SERVE A COPY OF THIS ORDER ON ALL PARTIES UPON RECEIPT.